IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| DENNIS FOWLER | PLAINTIFF |
| VS. | CASE NO. 3:19-cv-145-TSL-RHW |
| BOONE LOGISTICS SERVICES, LLC | DEFENDANT |

**COMPLAINT and DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Dennis Fowler (hereinafter "Plaintiff"), files this action against Defendant, Boone Logistics Services, LLC (hereinafter "Boone Logistics" or "Defendant") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF SUIT

1.    The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought by Plaintiff under the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendant.

## JURISDICTION

3.  Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4.  The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5.  The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6.  Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendant and Defendant therefore "resides" in Mississippi.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant, Boone Logistics Services, LLC is a Florida limited liability company who operates and conducts business at the International Paper plant in Natchez (Adams County), Mississippi.

10. Defendant's headquarters is located at 150 2nd Avenue N. in St. Petersburg, Florida 33701.

11. At all material times hereto, Plaintiff was, is and continues to be a resident of Vicksburg (Warren County), Mississippi.

12. Plaintiff was an employee of Defendant who worked as a site lead person whose job duties included notifying management of any truck down time, issues or necessary repairs, yard organization, trailer shuttling within the plant as well as other logistical services at International Paper's yard in Warren County, Mississippi.

## COVERAGE

13. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

14. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

16. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all material times hereto (2016-2019), Defendant was, is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

19. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

20. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a) Operated instrumentalities of commerce;

   b) Transported goods in commerce;

   c) Used channels of commerce;

   d) Communicated across state lines; and/or

   e) Performed work essential to any of the preceding activities.

21. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

22. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

23. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

24. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

25. Defendant, Boone Logistics, is a logistics company providing trailer and yard management services to various companies including International Paper at their Vicksburg, Mississippi location.

26. Defendant is owned and managed by Mike Boone and is headquartered at 150 2nd Avenue in St. Petersburg, Florida.

27. Plaintiff, Dennis Fowler, worked as a lead person in International Paper's yard for Defendant.

28. Plaintiff worked in this capacity from approximately October 17, 2017 through November 4, 2018.

29. Plaintiff was originally paid straight time at $19.50 per hour before being classified as exempt and given a salary of $1,350.00 per pay period beginning the week of November 27, 2017.  Please see pay documents attached as Exhibit "A."

30. Plaintiff's job duties included maintaining and organizing the yard, shuttling trailers within International Paper's yard and providing other, similar logistical services.

31. Plaintiff typically worked over forty (40) hours per work week.

32. Plaintiff worked approximately eighty-two (82) hours each week.

33. Defendant maintained a policy of only paying Plaintiff a salary for all work performed.

34. Defendant failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half his regular rate of pay for any hours worked over forty (40) in a week.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

37. Plaintiff worked over forty (40) hours per work week.

38. Plaintiff worked approximately eighty-two (82) hours each week.

39. Plaintiff was paid straight time before being placed on a weekly salary.

40. Despite working more than forty (40) hours in any given week Defendant failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half his regular rate of pay for all hours worked over forty (40).

41. In addition, Defendant did not maintain and keep accurate time records for Plaintiff as required by the FLSA.

42. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

43. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

45. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by him for which the Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

46. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Dennis Fowler, respectfully requests that judgment be entered in his favor against Defendant, Boone Logistics Services, LLC:

    a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b) Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c) Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e) Awarding Plaintiff pre-judgment interest;

    f)   Ordering any other further relief the Court deems just and proper.

DATED:    February 25, 2019.

                                             Respectfully submitted,
                                             DENNIS FOWLER, PLAINTIFF

                                             */s/ Christopher W. Espy*
                                             CHRISTOPHER W. ESPY (MSB#: 102424)
                                             MORGAN & MORGAN, PLLC
                                             4450 Old Canton Road, Suite 200
                                             Jackson, Mississippi 39211
                                             Tel:    601-718-2087
                                             Fax:   601-718-2102
                                             Email: cespy@forthepeople.com

                                             ATTORNEY FOR PLAINTIFF